UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 09-04555 |
| **Christopher M. Reynolds,** | ) | Hon. Eugene Wedoff |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **Gregg Szilagyi, not personally but as chapter 7 trustee for the estate of Christopher M. Reynolds,** | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary No. |
| v. | ) | |
| | ) | |
| **Christopher M. Reynolds** | ) | |
| | ) | |
| Defendants. | ) | |

**Complaint Objecting to Discharge of Debtor**

Pursuant to 11 U.S.C. § 727 (d)(1), Gregg Szilagyi, not personally but as Chapter 7 Trustee for the Estate of Christopher M. Reynolds ("Plaintiff" or "Trustee") brings this adversary complaint (the "Complaint") objecting to the discharge of Christopher M. Reynolds, debtor in this case ("Debtor").

**Jurisdiction and Venue**

1.  This is a civil proceeding arising under Title 11, United States Code ("Code"), or arising in or relating to a case under Title 11. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157 (a) and (b), as well as the General Referral of cases from the District Court pursuant to District Court Internal Operating Procedure 15(a).

2.  Gregg Szilagyi is the duly appointed, qualified and acting chapter 7 trustee in this case.

3. This adversary proceeding is a core proceeding pursuant 28 U.S.C. §157(b)(2)(J).

4. Pursuant to 28 U.S.C. § 1408 and 1409, this district is the proper venue for this adversary proceeding.

**Factual Background**

5. Debtor commenced this case on February 13, 2009 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

6. On April 14, 2008, Debtor commenced an lawsuit in The United States District Court for the Northern District of Illinois against Inter-Industry Conference on Auto Collision Repair ("I-CAR") ("District Court Litigation") which is pending as <u>Christopher Reynolds v. Inter-Industry Conference on Auto Collision Repair</u>, Case No. 08 C 2115.

7. The Docket in the District Court Litigation indicates that on February 11, 2009, the Parties to the District Court Litigation attended a settlement conference.. Trustee is informed and believes that on February 13, 2009, which is the same date the petition was filed, the Parties in the District Court Litigation agreed to a settlement in principle and were directed to prepare and exchange settlement documents.

8. Trustee is informed and believes that the settlement agreement in the District Court Litigation provided that I-CAR would pay Debtor $60,000 of which Debtor's attorney would receive $20,400 for costs and fees and Debtor would receive the remaining $39,600.

9. In his original schedule B, Debtor did not disclose the existence of the District Court Litigation as an asset of the Estate. Debtor also did not list the District Court Litigation on the Statement of Financial Affairs ("SOFA") although he did disclose another lawsuit to which he was a party-defendant.

10. Shortly after the Petition Date, Trustee was informed of the existence of the District Court Litigation by creditors of Debtor. Thereafter, Trustee contacted Debtor's attorney who denied knowing that the District Court Litigation was pending.

11. Debtor subsequently filed an amended schedule B and SOFA disclosing the existence of the District Court Litigation on March 4, 2009.

12. On information and belief, Debtor intentionally concealed the existence of the District Court Litigation and would not have amended his schedule B or SOFA if Trustee had not been informed of the existence of the District Court Litigation by creditors.

**Count I – To Deny Debtor a Discharge Pursuant to 11 U.S.C. §727(a)**

13. As Paragraph 13, Trustee restates and realleges the allegations of paragraphs 1 to 12 set forth above.

14. Debtor, with the intent to hinder, delay or defraud creditors, the Estate and the Trustee, knowingly and fraudulently concealed the existence of the District Court Litigation.

15. As a result of his failure to list the District Court Litigation on his schedules and statement of financial affair, Debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account.

WHEREFORE, Gregg Szilagyi, not individually, but solely as the trustee of the estate of Christopher M. Reynolds, debtor, respectfully requests this Court for the entry of an order:

    a. Denying the Debtor' discharge pursuant to 11 U.S.C. §727(a); and

    b. For such other and further relief as this court deems proper.

Dated: May 12, 2009          Respectfully submitted,

                               Gregg Szilagyi, as trustee of the estate of Christopher M. Reynolds, Debtor

                               By: /s/
                                       Donna B. Wallace

Joseph A. Baldi /Attorney I.D. No. 00100145
Donna B. Wallace /Attorney I.D. No. 6200260
19 S. LaSalle Street   Suite 1500
Chicago, Illinois   60603
(312) 726-8150